Farrell, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 13, 1941.

Before KELLER, P. J., CUNNINGHAM, STADTFELD, RHODES and HIRT, JJ.

The opinion of the board was as follows:

Pursuant to an agreement or stipulation, this appeal is determinative of one hundred ninety (190) appeals

filed by workers of the Lehigh Navigation Coal Company, Incorporated, of Philadelphia, Pennsylvania. The claimant, Thomas J. Farrell, registered for work and filed his claim for compensation on May 5, 1938. He filed claims for waiting weeks ending May 11 and May 18, 1938. These latter weeks of unemployment were due to a voluntary suspension of work and consequently not involved in this appeal. Subsequently, claimant filed claims for waiting weeks ending July 7, August 5, and August 12, 1938. On July 8, 1939, claimant filed a claim for the week ending July 7, 1939, contending that this became his first compensable week. On July 18, 1939, the Bureau of Employment and Unemployment Compensation issued a decision requiring "an additional waiting period", holding that the weeks of May 11, May 18, and July 7 "have not fallen within the fifty-two (52) week validity period of the anticipated first compensable week and have, therefore, been dropped." The decision also held that the week ending July 7, 1939, became the claimant's third waiting week instead of his first compensable week. The claimant filed an appeal from the bureau's decision contending "that although he signed for the week of July 7, 1938, he was unemployed two (2) additional days—8th and 9th of July, 1938." The referee affirmed the decision of the bureau. The claimant then appealed to the Board of Review. We are of the opinion that the decisions of the Bureau and referee must be affirmed.

Article 4, Section 401 (e) of the Unemployment Compensation Law provides as follows:

"The three weeks of total unemployment need not be consecutive, but may be accumulated over the period of fifty-two consecutive weeks preceding any week for which he claims compensation."

If July 7, 1939, be taken as the first compensable week ending date, it is obvious that the first day of that week was July 1st. The first day of the week,

fifty-two weeks prior thereto, was July 2, 1938, making the ending date of said week July 8th. Therefore, since the claimant filed a claim for the week ending July 7, 1938, the first day of said week was July 1st, which would place the first day of said week beyond the fifty-two week period. However, it is the claimant's contention that there is no reason to take July 7, 1938, as the ending date of that particular waiting week, that since he was also unemployed on July 8 and 9, 1938 (a letter from the employer was introduced in evidence as proof of the unemployment on July 8 and 9, 1938), he clearly had a third full week within the fifty-two week period.

Although the claimant's argument is not without merit, we believe there are stronger reasons for holding the contrary. Since the Unemployment Compensation Law provides that a claimant, to be eligible for compensation, must have been "totally unemployed for a waiting period of at least three weeks", it is obvious that proof of three weeks' unemployment must be furnished. In our opinion, the best possible proof is the filing of a claim immediately after the week of unemployment when the dates thereof are fresh in the mind of the claimant. If other types of proof were permitted it frequently would be furnished, as in this case, long after the particular week of unemployment when the dates may not be clear in the mind of the claimant, and when it is impossible to obtain accurate proof from other sources. If proof of unemployment for any week were to be accepted at any time after the expiration of said week, the chances of obtaining reliable proof would, in all probability, vary directly with the amount of time elapsed.

This principle constantly has been adhered to by the Bureau of Employment and Unemployment Compensation and we feel that authority for so doing can be found in certain provisions of the Unemployment Compensation Law. Section 401, in establishing cer-

tain eligibility requirements, provides as follows:

"(c) Has made a claim for compensation in the proper manner prescribed by the department."

The phrase "has made a claim" as used therein, obviously means "has complied with all the eligibility and procedural requirements to entitle him to compensation", for a person can have no valid claim for compensation until certain requisites are established. ".... in the proper manner prescribed by the department" clearly indicates that the department has power to establish such requirements as it may deem necessary to bring about the best administration of the act. On the basis of said section, we feel the bureau is acting within its authority in refusing to accept anything other than the filing of claims as proof of unemployment and that the claimant has not established a valid claim for compensation unless he had adhered to the bureau's regulations with respect thereto.

Therefore, in order to bring about the most effective administration of the act, we deem it advisable to accept the filing of waiting week claims as the best and only evidence of the three required waiting weeks of unemployment. Thus, the statement of the employer that claimant was also unemployed on July 8 and 9, 1938, cannot be accepted as proof of unemployment on said dates.

It follows, therefore, that the week from July 1 to July 7, 1938, was not within the fifty-two week period immediately preceding the week ending July 7, 1939; that the claim of July 7, 1939, must be considered as the third waiting week claim and not the first compensable week claim.

The decision of the referee is hereby affirmed.

Claimant appealed to the Superior Court.

*Error assigned* was the decision of the board.

*George I. Puhak,* for appellant.

*Richard H. Wagner,* with him *Charles R. Davis,* Special Deputy Attorney General, *R. Carlyle Fee,* Assistant Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

PER CURIAM, April 18, 1941:

After full consideration of the briefs and oral arguments we are satisfied that the opinion of the Unemployment Compensation Board correctly interprets the provisions of the Unemployment Compensation Law (Act of December 5, 1936, P. L. of 1937, p. 2897) involved in this appeal, with special reference to the employee's registration for work at a designated employment office, at such times and in such manner as the Department [of Labor and Industry] may prescribe (Sec. 401 (b) ), and the rules and regulations relative to the procedure thereunder prescribed by the department; and on that opinion,

The appeal is dismissed.